IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUAL CHANGES SKIN CARE INTERNATIONAL, INC, a California Corporation; SeSDERMA, INC., a Georgia corporation, SeSDERMA S.L., a company organized under the laws of Spain,<br><br>    Plaintiffs,<br><br>    v.<br><br>PHYSICIAN'S CHOICE OF ARIZONA, INC., an Arizona Corporation; and DOES 1-50 inclusive,<br><br>    Defendants. | CV F 03-6119  AWI LJO<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. § 1927 |

    Upon motion of defendant Physician's Choice of Arizona, Inc. ("PCA"), the court dismissed this action for damages and declaratory and injunctive relief by plaintiff Visual Changes Skin Care, Inc. ("Visual Changes") on February 9, 2005. This case was a parallel counter-action to the case that was first brought in the District of Arizona by PCA. This court concluded dismissal was proper after the Arizona court made the determination it had personal jurisdiction over Visual Changes, the only remaining plaintiff in this case. In the present motion, PCA requests an award of attorney fees pursuant to 28 U.S.C., section 1927.

**FACTUAL AND PROCEDURAL BACKGROUND**

The general factual background of this case has been thoroughly discussed in prior orders of the court and need not be repeated here. See Order of February 9, 2005, Doc. 66. Of pertinence to the contentions in this motion, it is not disputed that the defendant in this case, PCA, first filed complaints against SeSDerma, Inc., a Georgia Corporation ("SeSDerma, Inc.") on February 7, 2003; and against defendant Visual Changes on May 9, 2003 (collectively, "the Arizona actions"). The defendant corporations in the Arizona Actions filed a Complaint for Declaratory Relief and Unfair Business Practices in this Court about three months later, on August 18, 2003 (the "California Action").

On September 11, 2003, PCA moved to dismiss the California Action, or, in the alternative to stay the action, on the ground all issues in the California Action would necessarily be settled in the first-filed Arizona Actions. This court agreed the case should proceed in the Arizona forum and that all issues raised in this case could be litigated there. The court determined, however, that because Visual Changes and the SeSDerma companies had challenged personal jurisdiction in the Arizona forum, the case in this court should be stayed in this court, rather than dismissed. The court therefore issued an order staying further proceedings pending decision on jurisdictional challenges in the Arizona court. The stay was extended on January 12, 2004. On July 26, 2004, pursuant to a motion by Visual Changes, this court lifted the stay as to the SeSDerma plaintiffs and left the stay in effect as to Visual Changes. PCA again moved to dismiss Visual Changes from the California Action on August 26, 2004. During the pendency of that motion, the SeSDerma Plaintiffs voluntarily dismissed their claims against PCA on January 3, 2005. This court subsequently dismissed the case on February 9, 2005, finding there were no remaining plaintiffs in this case that were not subject to the jurisdiction of the Arizona court, and the California Action is duplicative of the first-filed case in Arizona.

PCA filed the instant motion for attorney fees on March 14, 2005. Visual Changes

filed its opposition on April 1, 2005 and PCA filed its reply on April 11, 2005.

## LEGAL STANDARD

Section[1] 1927 of Title 28 of the United States code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions under section 1927 require the court to find recklessness or bad faith. Cline v. Industrial Maintenance Engineering & Contracting Co., 200 F.3d 1223, 1236 (9th Cir. 1999); Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000); In re Keegan Management Co., Securities Litig., 78 F.3d 431, 436 (9th Cir.1996). The Ninth Circuit assesses "an attorney's bad faith under a subjective standard. Knowing or reckless conduct meets this standard." MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1121-22 (9th Cir.1991). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Cline, 200 F.3d at 1236; Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986). Bad faith can be found based on, among other factors, the number and length of the pleadings, the timing involved in many of the filings, and the substance of the claims asserted. Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 185 (9th Cir. 1995). Fees under section 1927 have been reversed where district court's comments were consistent with negligence. MGIC Indem., 952 F.2d at 1121-22. A finding of frivolous by itself is insufficient to support an award under section 1927. Estate of Blas v. Winkler, 792 F.2d 858, 861 (9th Cir.1986).

## DISCUSSION

PCA's basic contention is that the California Action was without legitimate purpose from its inception and was intended from the beginning to delay or multiply the cost of the

---

[1] All references to section numbers refer to sections of Title 28 of the United States Code unless otherwise specified.

3

Arizona Action. PCA points out that the California action is the mirror image of the Arizona action, and that all of Visual Changes' issues could have been, and were, asserted as compulsory counterclaims in the Arizona action. Further, PCA points out that all of Plaintiffs' claims in this action that pertain to this court's exercise of jurisdiction have been found meritless. PCA also alleges Visual Changes has used this proceeding to multiply the costs of the proceeding in the Arizona court.

Visual Changes argues first that sanctions under 28 U.S.C., section 1927 may not be imposed for *initiating* an action, but only for unnecessarily multiplying a proceeding *after* the proceeding has commenced. Visual Changes alleges further that even if sanctions could be imposed for initiating this parallel proceeding, Visual Changes' conduct with respect to this proceeding does not warrant sanction. Visual Changes denies the claims advanced in this action were either frivolous or in bad faith.

The court addresses Visual Changes' second contention first. As previously mentioned, conduct is not sanctionable absent a finding or recklessness or bad faith. At the center of PCA's claim that Visual Changes' conduct is sanctionable in this case is PCA's contention that Visual Changes' challenge of jurisdiction in the Arizona forum was dilatory, frivolous, and/or in bad faith. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Cline, 200 F.3d at 1236; Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986). Since mere negligence is not sufficient to support sanctions, it is not enough that Plaintiffs might have chosen a different tack in trying to secure a California forum to litigate their claims. See MGIC Indem., 952 F.2d at 1121-22 (negligence will not support sanction under section 1927).

This court begins by noting that this court is not in a good position to make any determination of whether Visual Changes' jurisdictional challenge was, or was not in good faith. Certainly parties to a civil action must normally expect a certain amount of jockeying

for strategic advantage, including challenges to both jurisdiction and venue where colorable claims can be made. Indeed, PCA states explicitly that Visual Changes' motivation in bringing this action is, at least in part, to gain strategic advantage by bringing the suit to Visual Changes' home forum. PCA presents no authority to indicate such maneuvering for strategic advantage is, in and of itself, sanctionable. Indeed, vigorous representation of a client's interests strongly implies a duty to take every opportunity to argue for litigation of the issue in the forum most convenient to the client, at least to the extent a colorable argument can be made for a forum change favorable to the client.

From this court's perspective, the proceedings in *this* case do not clearly evince any obvious attempt to improperly delay, harass or multiply proceedings in *this* court; nor does PCA appear to allege that Visual Changes' actions in this case have multiplied proceedings *with respect to this case*. Rather, it is PCA's contention that the *filing* of this case, and all the proceedings that have been a part of this case, have improperly multiplied the proceedings in the *Arizona action*. Basically, PCA contends the filing of the California action evinces bad faith because the Arizona court clearly had jurisdiction over Visual Changes' claims against PCA in that case, and Visual Changes knew that their challenge to the Arizona court's jurisdiction was meritless from the start. Thus, it is PCA's contention that it is the very filing of the California action, rather than any particular conduct within the action, that constitutes sanctionable conduct.

Because the court finds there was no sanctionable conduct *within* the proceedings in the California action, Plaintiff can only show bad faith if they can show the California action itself was filed with the knowledge the challenge to jurisdiction in the Arizona action was frivolous, and thereby show that California action was filed for the purpose of harassment, vexation, or in order to multiply the costs of litigation in the *Arizona* action without any real hope of being able to litigate the issue in California. In order to make that showing, PCA will need to show that Visual Changes' challenge to jurisdiction in the Arizona court was clearly

frivolous. That Visual Changes simply lost their challenge to the Arizona court's jurisdiction is not enough.

This court lacks sufficient information to be able to find as a matter of law that Visual Changes' challenge to the jurisdiction of the Arizona court was so dilatory or frivolous as to constitute bad faith. Other than the parties' conflicting contentions with respect to the Arizona action, the only source available to this court to assess the propriety of Visual Changes' conduct in opposing jurisdiction in the Arizona court is the opinion of the Arizona court, which is included as exhibit "F" in Defendant's exhibits accompanying their motion for attorney fees. The court has examined exhibit "F" and finds that the Arizona court's discussion of their jurisdiction over the both the infringement and tort claims indicates there was at least a colorable argument the Arizona court lacked personal jurisdiction over Visual Changes. Clearly, Visual Changes' contact with the Arizona forum was insufficient to support a finding of general jurisdiction and the Arizona court was required to carefully discuss and weigh all the factors supporting special personal jurisdiction in that forum. Arizona court did not characterize Visual Changes' challenge to jurisdiction in the Arizona forum as frivolous. Although this court would not necessarily be bound by the Arizona court's findings, or lack thereof, it does not help PCA's case that the Arizona court's opinion is devoid of any language indicating that Visual Changes' challenge to jurisdiction was in any way insubstantial or devoid of merit.

The court has also examined the other exhibits filed by PCA with their motion for attorney's fees. Together they evince PCA's repeated assertion that venue and jurisdiction are proper in the Arizona forum and PCA's contention that Visual Changes is irresponsible in trying to maintain an action in California. These documents, however, are merely evidence of the positions of the parties, not of the frivolousness of the underlying challenge to jurisdiction in the Arizona forum.

Whether or not PCA is correct in its contention that section 1927 does not foreclose

6

the possibility of an award of attorney fees where the opposing party has filed a mirror-image action in a different forum, the fact remains PCA must show Visual Changes acted in bad faith. The ability of PCA to successfully show bad faith, in turn, hinges on PCA's ability to prove the lack of any colorable basis for mounting a challenge to personal jurisdiction in the first-filed forum. PCA has failed to make that proof. It is probable that PCA has filed this claim for attorneys' fees in the wrong court. The Arizona court is the court most ideally situated to assess whether Visual Changes' challenge to personal jurisdiction in that court was dilatory or in bad faith. It is difficult to see how this court could make that assessment, and it is certainly clear this court cannot reach the required finding of bad faith on the record in front of it.

Because the court finds PCA has failed to prove that Visual Changes' conduct in filing the California action was sanctionable, the court need not address Visual Changes' contention that sanctions pursuant to section 1927 cannot be awarded based solely on the filing of a new, parallel action in a different forum.

THEREFORE, in accordance with the foregoing discussion, PCA's request for an award of attorney's fees pursuant to section 1927 is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 13, 2005**                              **/s/ Anthony W. Ishii**
h2ehf                                                                UNITED STATES DISTRICT JUDGE

7